UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH MELGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NORTHERN CALIFORNIA DeMOLAY ASSOCIATION, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-01161-AC<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

### I.  **Application to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of IFP Complaints

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

Plaintiff brings a "negligence per se" complaint against the Northern California DeMolay Association; "David R.," who plaintiff asserts is a community advisor in command of the Roseville DeMolay chapter; and "Mr. Wiseman," who plaintiff asserts is the "committee treasury" who wrote "check 966" belonging to the Roseville DeMolay Chapter. ECF No. 1 at 2. Plaintiff filled out a form complaint, and when asked to specify the basis for jurisdiction over his claims, plaintiff wrote "pendant jurisdiction for state cause of action under 28 U.S.C. 1367(a) and 28 U.S.C. 1343(a)(3) intradistrict L.R. 120(d)." Id. at 1.

Plaintiff's first cause of action is for a violation of California Penal Code § 530.6. Id. at 4. Plaintiff alleges David R. and Mr. Wiseman made a police report for the suspected crime of identity theft to the Roseville Police Department, which plaintiff asserts did not have jurisdiction over the Northern California DeMolay Association. Id. Plaintiff's second cause of action is for a violation of the "evidence code" for "negligence per se" under Evidence Code § 669. Id. at 5. Plaintiff states that defendants' actions proximately caused injury to plaintiff's person and property. Id. Plaintiff's third and final cause of action is for violation of California Government Codes § 815.2(a) and 815.6. Plaintiff asserts defendants had the duty to protect plaintiff against the risk of police reports of a suspected crime of identity theft to the Roseville Police, who did not have jurisdiction over the DeMolay Association, and that defendants failed to exercise due care causing plaintiff injuries and suffering. Id. at 6.

### IV. Failure to State a Claim

Plaintiff's complaint fails to state a claim upon which relief can be granted because plaintiff fails to allege a proper basis for federal jurisdiction, and the facts alleged make clear that plaintiff cannot support federal jurisdiction in this case. Federal courts are courts of limited jurisdiction, and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136–37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). The burden of establishing jurisdiction rests upon plaintiff as the party asserting jurisdiction. Kokkonen, 511 U.S. at 377

Federal jurisdiction in the form of "diversity jurisdiction" may be established by a showing that the plaintiff and defendant are diverse (from different sates) and that the amount in controversy is over $75,000. 28 U.S.C. § 1332. Although plaintiff seeks "1/2 a billion dollars," he has not established that he is from a different state the parties. ECF No. 1 at 7. Indeed, though plaintiff's complaint does not specifically list defendants' addresses, the facts indicate that both plaintiff and at least some of the defendants are residents of California because defendants Wiseman and "David R." are apparently employees the DeMolay entity in Roseville, CA. Id. at 2. Because plaintiff has not alleged diversity and the facts alleged indicate there is no diversity, jurisdiction for this case cannot be established on the basis of 28 U.S.C. § 1332.

Jurisdiction may also be established by bringing a claim based on federal law; this is known as "federal question" jurisdiction. 28 U.S.C. § 1331. Plaintiff apparently intends to bring exclusively state law claims. Plaintiff's reference "pendant jurisdiction" is not a federal claim; the doctrine of pendant jurisdiction allows a federal court to retain jurisdiction over certain state

claim only when a related federal claim is pending before it in the same action.  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).  Because plaintiff lacks a federal cause of action, there can be no "pendant jurisdiction" over related state claims.  Plaintiff also cites Local Rule 120(d).  This Local Rule addresses basic court operations and the intradistrict transfer of cases; it is not a cause of action nor a basis for federal jurisdiction.  Finally, plaintiff references 28 U.S.C.A. § 1343(a)(3), which provides federal courts with jurisdiction to "redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States[.]"  While this statute does provide for federal jurisdiction over civil rights violations by state government entities, it is not a cause of action itself and does not provide for jurisdiction over an alleged *state* law violation by a *private* entity.

Plaintiff has not established either diversity or federal question jurisdiction.  To the extent plaintiff seeks to hold defendant, a non-governmental entity, liable for a civil rights violation under color of state law, he cannot do so.  "Individuals and private entities are not normally liable for violations of most rights secured by the United States Constitution.  In order to maintain a cause of action based on an allegation of constitutional violations, a plaintiff must show that the actions complained of are 'fairly attributable' to the government."  Morse v. N. Coast Opportunities, Inc., 118 F.3d 1338, 1340 (9th Cir. 1997) (internal citations omitted).  The actions at the core of plaintiff's complaint were not intertwined with actions of the government, and are not "fairly attributable" to the government even under the most liberal construction of the allegations.  Accordingly, plaintiff's complaint does not, and cannot, establish a basis for federal jurisdiction.

### V.     **Futility Of Amendment**

In general, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).  The allegations of the

5

complaint make clear that there is no basis for federal jurisdiction, and the court cannot hear this case. Because plaintiff's allegations do not present a basis for federal jurisdiction, leave to amend would be futile and should not be granted.

### V. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint (ECF No. 1.) is dismissed without leave to amend and that the clerk of court be instructed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 22, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE